# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CRIMINAL NO. 06-85-DLB**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**v.**                      **REPORT AND RECOMMENDATION**

**MARCO FINNELL**                                                             **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On March 5, 2014, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Marco Finnell had violated conditions of his supervised release. Defendant was present in Court and represented by Christopher L. Jackson, and the Government was represented by Assistant United States Attorney Jason Denney. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-06-cr-85-DLB-JGW-001-20140305_092147; the official record of this proceeding was certified by Linda S. Tierney, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing, the parties informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to violation number 1 as set forth in the February 24, 2014, Violation Report of U.S. Probation Officer Stacey Suter and, in exchange, the Government agreed to dismiss violation numbers 2 and 3, and to recommend a sentence of 18 months of imprisonment with a 4-year term of supervised release to follow. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be**

**revoked** and that he be **sentenced to an 18-month term of imprisonment, with a 4-year term of supervised release** to follow.

I.      **Procedural Background**

On April 20, 2007, Defendant pleaded guilty to Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a)(1). (R. 27). On August 7, 2007, the presiding District Judge sentenced Defendant to a 72-month term of imprisonment with 6 years of supervised release to follow. (R. 31, 36).

On January 25, 2012, Defendant was released from prison to begin his term of supervision. (R. 44). On February 14, 2012, Defendant reported to the probation office as instructed, and prior to collection of a urine specimen, he admitted to smoking marijuana four days previously. At that time, Defendant was staying with his girlfriend, whom the probation officer subsequently learned is a convicted felon, but Defendant failed to disclose this fact to the probation officer in further violation of his conditions of release. (*Id.*). As a result of these violations, Defendant agreed to have his supervision modified to include 12 weekends in jail. (*Id.*). The Court agreed to the modification. (*Id.*).

On April 13, 2012, Defendant was before the Court on additional violations of his supervision as set forth in the Probation Officer's Petition for Warrant for Offender Under Supervision, which included claims that he violated the following conditions: 1) Defendant shall report as instructed; 2) Defendant shall notify his probation officer at least 10 days prior to any change in employment, 3) Defendant shall participate in substance abuse treatment at the direction of the probation officer; 4) Defendant shall report to the probation office and submit a truthful written report; and 5) Defendant shall not use any controlled substance, except as prescribed by a

physician. (R. 45). On April 16, 2012, United States Magistrate Judge Wehrman found Defendant violated the terms of his supervised release and recommended that Defendant's supervision be revoked and that he be sentenced to a 12-month term of imprisonment with 4 years of supervision to follow. (R. 51) On May 4, 2012, the presiding District Judge adopted the Report and Recommendation and so sentenced Defendant. (R. 53, 54).

On April 10, 2013, Defendant was released from prison to begin his term of supervision. (R. 55). On August 15, 2013, United States Probation Officer Stacey Suter submitted a Petition for Warrant for Offender Under Supervision (R. 55), notifying the presiding District Judge that Defendant had not complied with conditions of his supervision by committing two state or local crimes and possessing paraphernalia related to controlled substances, to wit a set of scales. (*Id.*). Probation Officer Suter requested a warrant issue for Defendant's arrest, for him to be called upon to address why his supervision should not be revoked. (*Id.*). A warrant was subsequently issued.

Defendant now stands before this Court charged with these three violations of his supervised release conditions. These charged violations were presented to the Court by Violation Report of February 24, 2014. As discussed above, during the Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement: Defendant was prepared to plead guilty to violation number 1 as set forth in the Violation Report, and the Government agreed to dismiss violation numbers 2 and 3. The parties also agreed on a recommended sentence of 18 months.

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable guideline range. The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed.

Defendant acknowledged his understanding and stated it was his desire to plead guilty to violation number 1 set forth in the February 24, 2014, Violation Report of the United States Probation Officer. Defendant waived his right to allocution.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of violation number 1 as charged, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to violation number 1 knowingly and voluntarily.[1]  Therefore, based on Defendant's plea of guilty to the violation, the undersigned finds and will recommend that the District Court find that Defendant has violated a condition of his supervised release as charged in violation number 1.  The Court will also recommend that the District Judge grant the United States' oral Motion to Dismiss violation numbers 2 and 3.  The only issue remaining is the appropriate sentence to impose for the admitted violation.

**II.     Sentencing**

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).  *See id.* § 3583(e).  The sentencing court is to consider:

1.   The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2.   The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

---

[1] Defendant understands that a violation of supervised release need only be found under a preponderance of the evidence standard and not beyond a reasonable doubt.  *See* 18 U.S.C. § 3583(e)(3).

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Ch. 7, Pt. B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 5 years, the underlying offense being a Class A felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of 12 to 18 months, based upon Defendant's criminal history category of IV and the supervised release violation as admitted by him being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

As explained above, the parties have agreed to a recommended sentence of 18-months of incarceration with a 4-year term of supervised release to follow. Upon consideration of the entire

5

record, including the February 24, 2014, Violation Report, the sentencing materials from the underlying Judgment in this District, the seriousness of the underlying offenses, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence of 18 months is appropriate.

While Defendant willingly admitted to his violation, the Court finds a sentence at the high end of the guideline range is appropriate given this is the third time that he has violated the conditions of his supervision. In addition, his most recent violation occurred just four months after he was released from a 12-month sentence on his prior revocation of supervision. This term of incarceration is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553. *See United States v. Eubanks*, No. 12-5622, 2013 WL 811812, at *3 (6th Cir. Mar. 5, 2013) ("A within-guidelines sentence is presumptively reasonable").

The Court also finds that the agreed upon 4-year term of supervision is appropriate to provide Defendant the opportunity to obtain assistance to successfully transition back into society. *Johnson v. United States,* 529 U.S. 694, 708-09 (2000) ("The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty."). The nature and circumstance of the instant violation stresses that Defendant is in need of assistance after he is released if he is to make a successful transition back into the community. Accordingly, the undersigned recommends a 4-year term of supervision to follow Defendant's 18-month term of incarceration.

### IV.     Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of violation number 1, has had ample opportunity to consult with counsel,

and enters his plea of guilty to violation number 1 knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel, **IT IS RECOMMENDED** that:

1. Defendant **Marco Finnell** be found to have **violated** the terms of his supervised release as set forth in violation number 1 of the February 24, 2014, Violation Report;

2. the United States' oral Motion to Dismiss violations 2 and 3 of the February 24, 2014, Violation Report be **granted**;

3. Defendant's supervised release be **revoked**;

4. Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of 18 months, with 4 years of supervised release to follow with the same conditions of supervision reimposed; and,

5. Defendant's sentence, if possible, be served at a facility near the Northern Kentucky area.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of the Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 6th day of March, 2014.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\S.R. violations R&R\06-85 Finnell SR R&R.wpd