UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL CASE NO. 06-85-DLB**

**UNITED STATES OF AMERICA**                                                                                    **PLAINTIFF**


**v.**                                   **REPORT AND RECOMMENDATION**


**MARCO FINNELL**                                                                                    **DEFENDANT**


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On June 25, 2015, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Marco Finnell had violated conditions of his supervised release. Defendant was present in Court and represented by Christopher L. Jackson, and the Government was represented by Assistant United States Attorney Anthony J. Bracke. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-06-cr-85-DLB-CJS-20150625-113211; the official record of this proceeding was certified by Linda S. Tierney, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing, the parties informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to violation numbers 2 and 3 as set forth in the June 16, 2015, Violation Report, and, in exchange, the Government agreed to withdraw violation numbers 1 and 4 and to recommend a sentence of 24 months of imprisonment with no term of supervised release to follow. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore

it will be **recommended** that Defendant's **supervised release be revoked** and that he be **sentenced to a 24-month term of imprisonment, with no term of supervised release** to follow.

## I.      Procedural Background

On April 20, 2007, Defendant pleaded guilty to Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a)(1).  (R. 27).  On August 7, 2007, the presiding District Judge sentenced Defendant to a 72-month term of imprisonment with 6 years of supervised release to follow.  (R. 31, 36).

On January 25, 2012, Defendant was released from prison to begin his term of supervision. (R. 44).  On February 14, 2012, Defendant reported to the probation office as instructed, and prior to collection of a urine specimen, he admitted to smoking marijuana four days previously.  At that time, Defendant was staying with his girlfriend, whom the probation officer subsequently learned is a convicted felon, but Defendant failed to disclose this fact to the probation officer in further violation of his conditions of release.  (*Id.*).  As a result of these violations, Defendant agreed to have his supervision modified to include 12 weekends in jail.  (*Id.*).  The Court agreed to the modification. (*Id.*).

On April 13, 2012, Defendant was before the Court on additional violations of his supervision as set forth in the Probation Officer's Petition for Warrant for Offender Under Supervision, which included claims that he violated the following  conditions: 1) Defendant shall report as instructed; 2) Defendant shall notify his probation officer at least 10 days prior to any change in employment, 3) Defendant shall participate in substance abuse treatment at the direction of the probation officer; 4) Defendant shall report to the probation office and submit a truthful written report; and 5) Defendant shall not use any controlled substance, except as prescribed by a

2

physician.  (R. 45).  On April 16, 2012, United States Magistrate Judge Wehrman found Defendant violated the terms of his supervised release and recommended that Defendant's supervision be revoked and that he be sentenced to a 12-month term of imprisonment with 4 years of supervision to follow.  (R. 51)  On May 4, 2012, the presiding District Judge adopted the Report and Recommendation and so sentenced Defendant.  (R. 53, 54).

On April 10, 2013, Defendant was released from prison to begin his term of supervision.  (R. 55).  On February 24, 2014, Defendant was again before the Court on additional violations of his supervision as set forth in the Probation Officer's Petition for Warrant for Offender Under Supervision, which included claims that he violated his conditions of supervision by committing two state or local crimes and possessing paraphernalia related to controlled substances, to wit a set of scales. (R. 55).  The parties reached an agreement whereby Defendant agreed to plead guilty to violation number 1 as set forth in the Violation Report, and the Government agreed to dismiss the remaining violations and recommend an 18-month sentence.  On March 6, 2014, the undersigned found Defendant violated the terms of his supervised release and recommended that Defendant's supervision be revoked and that he be sentenced to an 18-month term of imprisonment with 4 years of supervision to follow.  (R. 62).  On March 7, 2014, the presiding District Judge adopted the Report and Recommendation and sentenced Defendant consistently with the undersigned's recommendations.  (R. 64, 65).

On December 9, 2014, Defendant was again released from prison to begin his term of supervision.  (R. 66).  On June 16, 2015, United States Probation Officer Stacey Suter, on behalf of Probation Officer Mark. R. Grawe, submitted a Petition for Warrant for Offender Under Supervision, notifying the presiding District Judge that Defendant had not complied with conditions

of his supervision.   (*Id*.).   The Probation Officer requested a warrant issue for Defendant's arrest, and a warrant was subsequently issued. (R. 66, 68).

Defendant now stands before this Court charged with four violations of his supervised release conditions relating to his use of marijuana, associating with a felon, and having a prescription in an improper container.   These charged violations were presented to the Court via the Probation Officer's June 16, 2015, Violation Report.   As discussed above, during the Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement:   Defendant was prepared to plead guilty to violation numbers 2 and 3 as set forth in the Violation Report, and the Government agreed to withdraw violation numbers 1 and 4.   The parties also agreed on a recommended sentence of 24 months with no supervision to follow.

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable guideline range.   The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to violation numbers 2 and 3 as set forth in the June 16, 2015, Violation Report of the United States Probation Officer.   Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

**Violation #2**:   The Defendant shall not commit another federal, state, or local crime (Grade B Violation).

Defendant admitted to his Probation Officer that he used marijuana on or about May 24, 2015.   Under Sixth Circuit precedent, use is equivalent to possession and therefore under the circumstances considered a violation of federal law, 21 U.S.C. § 844(a), given Defendant's history.

4

**Violation #3:** The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation officer. (Grade C violation).

On May 29, 2015, an officer with the Covington Police Department initiated a traffic stop on a vehicle driven by Defendant. Subsequently, United States Probation Officers arrived at the scene and interviewed the passenger, Andreius Wimzie, who is a convicted felon. Defendant did not have permission from the Court or his Probation Officer to associate with Mr. Wimzie.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of violation numbers 2 and 3 as charged, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to violation numbers 2 and 3 knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to these violations, the undersigned finds and will recommend that the District Court find that Defendant has violated a condition of his supervised release as charged in violation numbers 2 and 3. The Court will also recommend that the District Judge grant the United States' oral Motion to Withdraw violation numbers 1 and 4. In addition, Defendant waived his right to allocution. The only issue remaining is the appropriate sentence to impose for the admitted violations.

## II.    Sentencing

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

1.    The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3.      The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5.      The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Ch. 7, Pt. B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 5 years, the underlying offense being a Class A felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of 12 to 18 months, based upon Defendant's criminal history category of IV and the highest level supervised release violation as admitted by him being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum

term of further supervised release that could be imposed would be life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

As explained above, the parties have agreed to a recommended sentence of 24 months of incarceration with no supervised release to follow. Upon consideration of the entire record, including the June 16, 2015, Violation Report, the sentencing materials from the underlying Judgment in this District, the seriousness of the underlying offenses, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence of 24 months is appropriate.

While Defendant willingly admitted to his violations, the Court finds a 6-month upward variance above the Guideline range is appropriate given this is the fourth time that Defendant has violated the conditions of his supervision and the third time he has been before the Court on revocation proceedings. Defendant has incurred progressive punishment after each of his revocations of supervised release for prior violations–he received a 12-month term of incarceration after the first revocation and an 18-month term of incarceration after the second revocation. In addition, these most recent violations occurred just six months after Defendant was released from his 18-month sentence that was imposed upon the second revocation of his supervised release. A 24-month term of incarceration after his third revocation is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553. *See United States v. Wells*, 443 Fed. App'x 997, 998 (6th Cir. 2011) ("Because the guidelines range . . . does not take into account whether a defendant has violated his supervised release one time or many, it may be reasonable for a district court to vary upward when sentencing an offender who commits repeated supervised-release violations.").

The parties' agreed-upon recommendation of no supervision to follow is also appropriate, as Defendant would not benefit from further services of the U.S. Probation Office.  As discussed above, Defendant is now before the Court on his third revocation proceeding and is about to be sentenced to his third term of incarceration for violating the terms of his supervision.  Defendant has not demonstrated a willingness to conform his behavior and has refused to incorporate the lessons learned from prior violations.  Continued monitoring of the Defendant by the Probation Office is not the best use of these services.

### III.     Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of violation numbers 2 and 3, has had ample opportunity to consult with counsel, and enters his plea of guilty to violation numbers 2 and 3 knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel, **IT IS RECOMMENDED** that:

1.      Defendant **Marco Finnell** be found to have **violated** the terms of his supervised release as set forth in violation numbers 2 and 3 of the June 16, 2015, Violation Report;

2.      the United States' oral Motion to Withdraw violations 1 and 4 of the June 16, 2015, Violation Report be **granted** and those violation charges be **withdrawn;**

3.      Defendant's supervised release be **revoked;**

4.      Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of **24 months,** with no term of supervised release to follow; and,

5.      Defendant's sentence, if possible, be served at FCI Ashland, or if FCI Ashland is unavailable that he be placed at an available facility closest to Covington, Kentucky.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of the Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 7th day of July, 2015.

**Signed By:**

_**Candace J. Smith**_

**United States Magistrate Judge**

G:\DATA\S.R. violations R&R\06-85 Finnell SR R&R.final.wpd